No. 33.—JACOB LOWE *et al.* plaintiffs in error, *vs.* JOHN MOORE and another, defendants.

[1.] A and B both have judgments open against C, and a fund raised from C's property is before the Court for distribution; B's judgment is the oldest, but has been levied upon land as the property of C, which land has been claimed, and a verdict rendered on the claim in favor of the claimant: *Held*, that the levy on the land does not affect the lien of B's judgment on the fund, and that it is entitled to it, as the oldest lien.

Lowe *et al. vs.* Moore and another.

[2.] In the distribution of a fund before him, the Judge of the Superior Court acts upon equitable principles, but he can act only on a fund *in hand*, and confessedly for distribution.

[3.] In the case above, the Court has no right to impose the terms upon B, to wit: that he should take the money, if he would dismiss his levy on the land, or agree not to appeal from the verdict rendered against him in the claim case.

Motion, in Crawford Superior Court.   Decided by Judge FLOYD, August Term, 1849.

The question in this case arose upon a motion to distribute money, returned by the Sheriff, as raised on a *fi. fa.* in favor of John Moore *vs.* Andrew J. Preston.   Jacob Lowe, who held an older *fi. fa.* claimed the fund.   On this *fi. fa.* was a levy on a lot of land disposed of, and said to be unaccounted for.   It was proved to the Court, that the land was claimed by a third person, and a verdict of " not subject," found by a Petit Jury, on the first trial at that term of the Court.

The Court ruled, that "if plaintiff (Lowe) would not appeal, or would dismiss the levy, he was entitled to the money."

Lowe declining to do either, the Court ordered the money paid to the *fi. fa.* in favor of Moore; and this decision is brought up for review.   There was no evidence as to the sufficiency of the property to satisfy the execution, and no evidence before the Court showing that the older *fi. fa.* was entitled to the *two* funds, and the younger to but *one*.   It did not appear that Lowe's *fi. fa.* had a lien even on the property levied on.   The presumption, from the finding of the Jury, was rather the reverse.

G. R. HUNTER, for plaintiffs in error.

HAMMOND and POWERS & WHITTLE, for defendants.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] It was the duty of the Court, in this case, to apply the money raised out of the defendant in execution's property to the oldest lien before it.   Judgments bind *all* the property of the defendant from their date.   Lowe's judgment was the oldest, and it was plainly entitled to the money, if it was a valid, subsisting

judgment. Was it? We think it was. The objection to it was, that it had been levied upon real estate of the defendant; that a claim had been put in to the real estate—was pending—and at the then term of that Court, had been tried before a Petit Jury, and a verdict rendered in favor of the claimant. All this does not interfere one whit with the lien of the judgment. A levy on lands—disposed of or not, accounted for or not—does not affect it. If the money has been raised on it and paid to the judgment, or is in the hands of the officer, that is a different thing. If paid, of course it is extinct. If there is money in the hands of the officer, upon which it has lien, it will be applied to it. Here, there is a *levy*. That, I say, does not affect the right of the execution levied to take this fund, if it is the oldest. A levy on land is no satisfaction. *DeLoach & Wilcoxson vs. Myrick,* 6 *Ga. R.* 410. *Newton vs. Nunnally,* 4 *Ga. R.* 356. *Prince's Dig.* 426.

The equitable principle, that if A and B have liens on the property of the same person, and A attaches upon two funds and B upon but one, A will be turned upon that fund upon which B has no lien, in order that both may be paid, has been invoked to sustain the right of the junior *fi. fa.* to this money. The principle is a sound one, but has no application here. *Non-constat,* that Lowe's lien attached upon two funds—*constat, the contrary.* It does not appear that the land levied on was subject to it; but it does appear, that its lien on the land was contested—a third person had claimed it. Not only so, but it does appear, by the record, that upon the trial of that claim, a Jury had found in favor of the claimant and against the lien.

[2.] The Judge of the Superior Court, in distributing a fund *before him,* acts upon equitable principles; but his action is upon a fund *in hand,* and confessedly now for distribution. This *land fund* was not in hand—it was judicially known to him that it was in litigation, and so far as the proof went, he knew that the judgment of Lowe *did not* attach upon it. Nothing short of a bill and a decree thereon, adjudging the land subject to Lowe's *fi. fa.* would, in my judgment, authorize the postponement of his lien and the payment of this money to a junior judgment.

[3.] The Court ruled, that this oldest judgment might take the money, if the plaintiff, Lowe, would dismiss his levy on the land, or agree not to enter an appeal from the verdict of the Petit Jury, in the claim case. This is not a case where the Court had

power to impose conditions.    The plaintiff, Lowe, had the right to stand upon his legal rights.    They were not doubtful.    The Court had no power  to set  aside a  valid, subsisting lien.    The law gave it, and there  was no discretion in  the Court to put the enforcement of it, upon any terms, much less such as are onerous and might prove the occasion of actual loss to the plaintiff.

Let the judgment be reversed.